## THE WEST ELDARA.

### AMERICAN DIAMOND LINES, Inc., v. McALLISTER TOWING & TRANSPORTATION CO., Inc., et al.

#### No. 104.

Circuit Court of Appeals, Second Circuit.
June 13, 1939.

For former opinion, see 101 F.2d 45.

Purdy & Lamb, of New York City (John E. Purdy and Edmund F. Lamb, both of New York City, of counsel), for respondent-appellant McAllister Towing & Transportation Co., Inc.

Frank V. Barns, of New York City, for respondent-impleaded-appellant.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for libellant-appellee.

Before AUGUSTUS N. HAND and CHASE, Circuit Judges.

PER CURIAM.

Upon the facts as stated in the previous opinion, The West Eldara, 101 F.2d 45, with which familiarity is now assumed, we held that the pilotage clause was not binding upon the ship owner. This is so be-

cause the charterer was not the agent of the owner in contracting with the towing company to dock the vessel. The Niels R. Finsen, D.C., 52 F.2d 795; The Kate, 164 U.S. 458, 17 S.Ct. 135, 41 L.Ed. 512.

Under this time charter which was not a demise, it is clear that the navigation of the vessel was the responsibility of the owner rather than that of the charterer. As between those two the acts or omissions of the tug boat captain while in charge of the vessel would be the acts or omissions of the owner even though he had been put in control by the charterer by virtue of its right to do so in accordance with the terms of clause 2 of the charter. Munson S. S. Line v. Glasgow Navigation Co., 2 Cir., 235 F. 64; The Volund, 2 Cir., 181 F. 643.

The error in the former opinion which led to an erroneous result lay in the extension of the above principle beyond the owner-charterer relationship so as to control in respect to liability as between the owner and third persons. Bramble v. Culmer, 4 Cir., 78 F. 497, on which especial reliance was placed, did not go so far nor did the other cases cited.

On the contrary, in the absence of any special contract provisions like those in the pilotage clause which are not here binding upon the owner, one who is under contract to dock or undock a vessel is responsible as principal to the owner of the ship for the negligence of the agent whom the contractor places on the ship in charge of the operation. The Edward G. Murray, 2 Cir., 278 F. 895, 898; Sturgis v. Boyer, 24 How. 110, 16 L.Ed. 591; The W. S. Holbrook, D. C., 294 F. 908, affirmed 2 Cir., 294 F. 911. Such negligence is that of an independent contractor who has taken over the navigation of the ship. The Dorset, 4 Cir., 260 F. 32, 35; Wilmington Ry. Bridge Co. v. Franco-Ottoman S. Co., 4 Cir., 259 F. 166.

Some reliance was put upon a claimed custom of the port under which shipowners indemnified towing companies when tugmasters who boarded vessels and took over their navigation were negligent under such circumstances as were here shown. It was not proved, however, that the master of the steamer knew of such a custom even if there was one and, furthermore, though proof of usage may be an aid to the interpretation of an existing contract it will not itself serve to alter or add to the plain terms of such a contract. The Delaware, 14 Wall. 579, 20 L.Ed. 779; National Savings Bank v. Ward, 100 U.S. 195, 25 L.Ed. 621.

The remaining point concerns the contention that the charterer impliedy warranted to the towing company that it had authority to bind the owner of the vessel under the terms of the pilotage clause and because of a breach of that warranty became liable to the towing company. We need not discuss the law underlying such liability for the needed premise is lacking. The charterer did have authority under clause 2 to employ the towing company to perform the service. It impliedly warranted only that it had such authority and not that it was itself owner of the vessel; or that it was the owner's agent who was making the contract in behalf of the owner. Consequently, there was no breach of an implied warranty upon which the charterer may be held liable.

The decree of the district court is modified to hold the towing company solely liable without recovery over by the latter against the charterer.